UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN MEYER WIGHT,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>　　　　　　　　　Respondent. | Case No.: 25cv2504-JAH (DEB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND NOTIFYING PETITIONER OF OPTIONS TO AVOID FUTURE DISMISSAL** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee or submit a request to proceed in forma pauperis. (ECF No. 1.) In addition, Petitioner has failed to name a proper respondent and has failed to allege exhaustion of state court remedies as to every claim presented.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

　　　　Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.

### **FAILURE TO NAME PROPER RESPONDENT**

　　　　Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v.*

*Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.

Here, Petitioner has not named a Respondent.  *See* ECF No. 1 at 1.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the detention facility in which Petitioner is presently confined.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES**

Generally, applications for writs of habeas corpus which contain unexhausted claims must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.  *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings.  *Id*.

Petitioner states that although he raised claim 1-3 in the Petition here in the California Supreme Court he did not raise claim 4 in that court. (ECF No. 1 at 6-9.)  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rule 4, Rules Governing Section 2254 Cases (2019).  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state

court remedies as to all claims presented in the Petition. *Rose*, 455 U.S. at 522. The Court hereby notifies Petitioner of his options to avoid the possible future dismissal of his Petition for failing to allege exhaustion of state court remedies.

### i) First Option:  Allege Exhaustion

Petitioner may allege he has in fact exhausted state court remedies as to all claims.

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims.")

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), overruled in part by *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled to statutory tolling during the gap between those petitions); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under

consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. Petitioner must demonstrate there is an arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to the claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005)

### **CONCLUSION AND ORDER**

Based on the foregoing, the Court **DISMISSES** the Petition for failure to satisfy the filing fee requirement and failure to name a proper respondent. The Court also **NOTIFIES** Petitioner that if he succeeds in curing those defects, this action is subject to future dismissal without prejudice for failure to allege exhaustion of state judicial remedies as to every claim presented. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or submit an application to proceed in forma pauperis *and* notify the Court of which option he chooses **no later than December 5, 2025**. The Clerk of Court will send a blank Southern District of California In Forma Pauperis application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: October 2, 2025

Hon. John A. Houston
United States District Judge